NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1941
_____

ODIL AZIMJANOVICH SHARIPOV,
                                                Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A088-299-959)
Immigration Judge: William H. McDermott
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 11, 2026

Before: HARDIMAN, BOVE, and FISHER, *Circuit Judges*.

(Filed: July 21, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

In 2006, Odil Sharipov—a native of the Union of Soviet Socialist Republics and a citizen of Uzbekistan—obtained a B-2 visa and entered the United States. While living in these United States, Sharipov has on more than one occasion engaged in deceitful and criminal activity. Most recently, in January 2024, Sharipov pleaded guilty to, and was convicted of, conspiring to launder money in violation of 18 U.S.C. § 1956(h)—an aggravated felony. A few months later, the Department of Homeland Security (DHS) brought against Sharipov removal proceedings, and the Immigration Judge (IJ) sustained the charges of removability. But on August 30, 2024, in an exercise of discretion, the IJ waived Sharipov's inadmissibility under Section 212(h)(1)(B) of the Immigration and Nationality Act (INA)[1] and adjusted Sharipov to the status of a lawful permanent resident under Section 245(a) of the INA.[2]

The DHS appealed to the Board of Immigration Appeals (BIA). Concluding that Sharipov demonstrated neither that his removal would cause his wife and children extreme hardship nor that he warrants a favorable exercise of discretion,[3] the BIA

---

[1] 8 U.S.C. § 1182(h)(1)(B) (stating that the Attorney General may, in his discretion, waive inadmissibility "if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien").

[2] 8 U.S.C. § 1255(a).

[3] *In Re Mendez-Moralez*, 21 I. & N. Dec. 296, 301 (BIA 1996) ("Extreme hardship is a requirement for eligibility, but once established it is but one favorable discretionary factor to be considered.").

sustained the DHS's appeal, vacated the IJ's decision, and ordered Sharipov removed. Sharipov petitions for review. Because we lack jurisdiction to review the BIA's discretionary balancing, we will dismiss Sharipov's petition.

"The authority to waive one or more grounds of inadmissibility is vested solely in the Attorney General and 'no court shall have jurisdiction to review' a decision to deny such a request."[4] But we retain jurisdiction to review "constitutional claims or questions of law."[5] "Our jurisdiction in that respect is 'narrowly circumscribed' in that it is limited to 'colorable claims or questions of law.'"[6]

Sharipov argues that the BIA "erroneously rejected the Immigration Judge's well-supported factual findings . . . and cherrypicked the evidence."[7] According to Sharipov, we can exercise jurisdiction to review whether the BIA considered the entire record and whether the BIA engaged in impermissible fact finding. But none of Sharipov's legal arguments are colorable.[8]

---

[4] *Ku v. Att'y Gen.*, 912 F.3d 133, 144 (3d Cir. 2019) (quoting 8 U.S.C. § 1252(a)(2)(B)(i)).

[5] 8 U.S.C. § 1252(a)(2)(D).

[6] *Ku*, 912 F.3d at 144 (quoting *Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008) (per curiam)).

[7] Petitioner's Br. 11.

[8] "To determine whether a claim is colorable, we ask whether it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010) (internal quotation marks and citation omitted).

First, when reviewing the IJ's "extreme hardship" determination, the BIA acknowledged the IJ's factual findings—including the mental, physical, and psychological conditions of Sharipov's wife and children—and expressly invoked the IJ's finding that Sharipov's wife could return to work with proper treatment and that Sharipov's children would remain in the United States and continue treatment. Our review of the record confirms that, rather than "reject[] the IJ's factual findings,"[9] the BIA relied on the IJ's factual findings to support its discretionary determination.

Second, the BIA properly weighed both the favorable and adverse factors to determine whether Sharipov adequately demonstrated that his circumstances warrant a favorable exercise of discretion.[10] Exercising its discretion, the BIA simply weighed the equities differently than the IJ and reached a different conclusion. The BIA's analysis addresses all but one of the factors that the IJ discussed—Sharipov's rehabilitative efforts—and concluded that the positive equities hold less weight than Sharipov's "history of deception and theft during his time in the United States."[11] Sharipov's rehabilitative efforts did not bear a heavy weight in the IJ's analysis and, in any event, the BIA "need not discuss each and every piece of evidence . . . when rendering a decision, as long as that decision is substantially supported."[12] Rather, the BIA need only "provide

---

[9] Petitioner's Br. 10.

[10] *See In re Sotelo-Sotelo*, 23 I. & N. Dec. 201, 204 (BIA 2001).

[11] AR 10.

[12] *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 425 n.10 (3d Cir. 2005).

4

sufficient analysis to demonstrate that it has truly performed a full review of the record,"[13] which the BIA did here. A careful review reveals no legal error and, thus, we have no basis to review the BIA's discretionary determination.

Although he attempts to adorn his petition in the garb of a legal question, Sharipov's grievance instead inveighs against the BIA's discretionary balancing. But "a party may not dress up a claim with legal clothing to invoke this Court's jurisdiction."[14] "Because the substance of [Sharipov]'s petition for review amounts to contesting the weight the Board should have given to the positive equities of [his] case," we will dismiss the petition for want of jurisdiction.[15]

---

[13] *Huang v. Att'y Gen.*, 620 F.3d 372, 388 (3d Cir. 2010).
[14] *Pareja*, 615 F.3d at 187.
[15] *Ku*, 912 F.3d at 144.